## VAN BERGEN *against* PALMER.

A demandant, in dower may be called on the first day of the term, and if she does not appear, her default may be entered; and if she does not appear on the fourth day of the term, and excuse her default, a judgment of nonsuit may be entered.

DOWER: On the first day of the last term, the demandant was called; and again, on the *quarto die post*, and a day was given for her to appear and prosecute her claim on the last day of the term; and the demandant not appearing on that day, her default was entered, and a judgment of nonsuit entered thereon.

*E. Williams*, for the demandant, now moved to set aside the default, and subsequent proceedings, and read affidavits.

*J. V. D. Scott*, contra, contended, that the demandant was regularly out of Court, and that the motion could not now be heard.

*Per Curiam.* Unless the default of the demandant, on the last day of the term, had been excused, the judgment of nonsuit ought not to be disturbed. It appears, that the demandant's attorney had died; and, without adhering to the strictness of the ancient practice, we think the facts stated in the affidavits sufficient to excuse the default.

Motion granted.(*a*)

(*a*) Vide *Sacket* v. *Lothrop*, 1 *Johns. Cases*, 249. *Booth's Real Actions*, 92. *Swift* v. *Livingston*, 1 *Johns. Cases*, 173. The tenant, in a writ of right, cannot be called before the *quarto die post*; but the demandant may be called on the *first day* of the term, and if he does not appear, his default may be entered; and if he does not appear on the *quarto die post*, and excuse his default, a judgment of nonsuit may be entered. (*Clobery* v. *Bishop of Exon*, *Carth.* 173. *Co. Litt.* 139. *b.*)